IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Joseph Walter Nobrega, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv381 (LO/BRP) |
| | ) | |
| George M. Hinkle, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Joseph Walter Nobrega, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for

the City of Norfolk, Virginia for two counts of rape and two counts of indecent liberties with a child.

Respondent filed a Motion to Dismiss, a Memorandum in Support of the Motion, and a Notice

pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on

August 13, 2008. Petitioner requested and this Court granted a Motion for Enlargement of Time to

File a Response, and petitioner filed his response in opposition to the Motion to Dismiss on October

6, 2008. This matter is now ripe for disposition.

**I Background**

On February 20, 2004, Nobrega was sentenced to sixty years of imprisonment with thirty

years suspended after he was convicted in the Circuit Court for the City of Norfolk for two counts

each of rape and indecent liberties with a child in one's custody. The evidence used to convict

Nobrega consisted of the testimony of the victim, Nobrega's daughter; Nobrega's ex-wife; Barbara

Weimer, an individual and family counselor; Dr. John DeTriquet, an expert in forensic pediatrics;

and Dr. Lynn Zoll, a clinical psychologist.

At trial, the victim testified that the first instance of rape occurred when she was seven years old, on a day when she was home sick from school and alone with her father in the house. Trial Tr. 23:23-24:14. According to the victim, Nobrega instructed her to put on a white nightgown with no underwear and to get into her mother's bed. Trial Tr. 24:17-20. The victim stated that after she complied with her father's instructions, her father came into the bedroom, tied a bandana around her eyes, and "stuck his private part into mine." Trial Tr. 25:15-19. The victim then testified that her father "went to the bathroom" inside of her, that it felt "warm and icky," and that she began to bleed. Trial Tr. 26:22-27:8. The victim also testified that her father threatened to kill her if she ever told anyone about the incident. Trial Tr. 28:1-7. The victim also stated that when she was eight years old, a nearly identical incident occurred, in which Nobrega her gave her the same white nightgown, told her to change into it but not to wear underwear, and get into her mother's bed. Trial Tr. 34:5-36:8. According to the victim, Nobrega put the same bandana over the victim's eyes, "stuck his private part" into the victim's, and something "warm and icky" came out. Trial Tr. 36:11-40:12. The victim stated that again her father threatened to kill her if she told anyone. Trial Tr. 42:3-5.

The Commonwealth also presented testimony from Nobrega's ex-wife, who is the mother of the victim, and family counselor Barbara Weimer, both of whom stated that the victim had told them that Nobrega had forced the victim to have sex with him. Trial Tr. 117:8-10; 134:18-20. Dr. DeTriquet, an expert in forensic pediatrics, testified that he performed a medical genital examination on the victim on December 16, 2002, when she was eleven years old. Trial Tr. 151:9-17. DeTriquet testified that although his findings were consistent with a normal genital/anal examination, he could neither exclude nor confirm the possibility of sexual contact. Trial Tr. 157:22-158:23. DeTriquet stated that if trauma had occurred to a child's genital area years prior to a genital examination, it was

2

possible for the area to have repaired itself based on the changes in estrogen levels as a child develops. Trial Tr. 160:5-20. The doctor further stated that the more time that passes between an alleged trauma and an examination, the greater the opportunity for both normal healing to take place as well as for "superimposed interval sexual development . . . masking, obliterating, or normalizing what previously was an injury." Trial Tr. 160:23-161:9.

Finally, the Commonwealth called Dr. Zoll, a clinical psychologist who had seen the victim. Trial Tr. 172:1-9. Zoll testified that she diagnosed the victim with depressive disorder, which was chronic, and post-traumatic stress disorder ("PTSD"). Trial Tr. 172:22-23. Zoll informed the court about the types of traumatic events that can cause PTSD and the responses that an individual with PTSD will have following the traumatic event, and noted specifics about PTSD when it occurs in children and when the stressor is a sexually traumatic event. Trial Tr. 173:15-176:10.

Following the presentation of the Commonwealth's case, Nobrega's counsel moved to strike, arguing that there were inconsistencies in the victim's testimony and an absence of physical evidence to support the charges of sexual assault. Trial Tr. 188:6-192:13. The Court denied the Motion, and after Nobrega called his only witness, the court convicted Nobrega on all counts. Trial Tr. 220:23-221:2. On February 20, 2004, the court sentenced Nobrega to twenty-five years for each count of rape, and to five years on each count of taking indecent liberties with a child with whom the defendant is in a custodial relationship. Sentencing Tr. 70:12-18. The court suspended fifteen years on each count of rape, for a total of 30 years of imprisonment. Sentencing Tr. 70:19-25.

Nobrega appealed his conviction to the Court of Appeals of Virginia, alleging that the trial court erred in (1) denying his motion for an independent psychiatric or psychological examination of the complaining witness, and (2) finding the evidence sufficient to sustain Nobrega's conviction.

3

Nobrega v. Commonwealth, No. 0511-04-1, 2005 WL 1079527, at *1 (Va. Ct. App. May 10, 2005). The court held that although the trial court misapplied the law in denying Nobrega's motion for an independent expert witness, it nonetheless had no authority to require the victim to be examined, therefore the denial of the motion was not reversible error. Id. at *6. The court also found that the evidence was not so incredible or contrary to human experience as to render it unworthy of belief and that the trial judge's findings of fact were supported by evidence and not plainly wrong, and thus affirmed Nobrega's conviction. Id. at 9.

Nobrega then appealed to the Supreme Court of Virginia, raising three assignments of error, specifically: (1) the trial court erred in denying Nobrega's motion for an independent psychiatric or psychological examination of the complaining witness; (2) the Court of Appeals erred in holding that the trial court lacked the authority to order the complaining witness to undergo a psychiatric or psychological evaluation; and (3) the Commonwealth's evidence was insufficient to support Nobrega's convictions. Nobrega v. Commonwealth, 271 Va. 508, 511, 628 S.E.2d 922, 923 (2006). In affirming, the Court expressly stated that it need not decide whether the trial court should have exercised its discretion to appoint an expert to evaluate the mental health records of the victim in order for Nobrega to challenge the competency of the victim. Id. at 515, 551 S.E.2d at 925. The Court then held that, in light of its holding in Clark v. Commonwealth, 262 Va. 517, 551 S.E.2d 642 (2001), that no authority existed to permit a trial court to compel a complaining witness in a rape case to undergo an independent examination of her sexual anatomy, a trial court also had no authority to order a complaining witness in a rape case to undergo a psychiatric or psychological evaluation. Id. at 515, 517-18, 551 S.E.2d at 925-26. It noted that because it was affirming the Court of Appeals' holding regarding the lack of authority of a trial court to take such action, it need

4

not address whether the reasons given by the trial court for denying Nobrega's motion were erroneous. Id. at 518, 551 S.E.2d at 926 n.3. Finally, the Court found that the victim's testimony was not inherently incredible, and thus was sufficient to support Nobrega's conviction. Id. at 519, 551 S.E.2d at 927. Nobrega filed a petition for rehearing, arguing that his motion and subsequent arguments for an examination of the witness by an independent expert did not preclude an evaluation by means of a review of the mental health records of the witness, and therefore this issue should not have been excluded from review on appeal. However, the Court denied rehearing without discussion on June 16, 2006.

On April 19, 2007, Nobrega filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, challenging his conviction on ten grounds. Nobrega v. Warden of the Greensville Correctional Center, R. No. 070784 (Va. Nov. 29, 2007). Specifically, Nobrega alleged that:

(1) the evidence was insufficient to support his conviction;

(2) the trial court erred when it denied his Motion for the appointment of an independent psychiatric or psychological expert to examine the victim's psychiatric records;

(3) the trial court erred when it determined that the victim was competent to testify;

(4) the trial court erred by determining from the medical evidence and the expert testimony that the post-traumatic stress disorder the victim suffered was the result of being raped by petitioner;

(5) the trial court failed to review the preliminary hearing transcript to determine if it impeached the victim's testimony at trial;

(6) the Court of Appeals of Virginia erred when it found that the trial court did not have the authority to order an independent psychiatric or psychological review of the victim's psychiatric records;

(7) the Supreme Court of Virginia erred in not considering whether the trial court should have appointed an independent expert to review the victim's psychiatric

records;

(8) he was denied the effective assistance of trial counsel for eighteen reasons, including the three claims of ineffective assistance of counsel he makes in the instant federal petition;

(9) the Commonwealth's attorney withheld exculpatory evidence, namely the contents of a file petitioner had prepared and had provided to the prosecutor; and

(10) he was denied the effective assistance of appellate counsel because counsel incorrectly framed one of the issues on appeal as the trial court's failure to appoint an expert to perform a psychiatric or psychological evaluation of the victim, when counsel should have stated that the trial court erred in not appointing an expert to review the victim or her psychiatric and psychological records, which is what the trial motion requested.

Id. The Court disposed of Nobrega's claims as follows:

(1) The claim was barred because the issues were raised and decided in the trial court and on direct appeal from the criminal conviction, therefore, it could not be raised in a habeas corpus petition;

(2) - (5) These claims were barred because they were non-jurisdictional issues that could have been raised at trial and on direct appeal and therefore were not cognizable in a petition for a writ of habeas corpus, pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).

(6) The claim was without merit because the record from the Court of Appeals demonstrated that the Court of Appeals did not address whether the trial court had the authority to authorize a review of the victim's psychiatric records and whether the trial court should have ordered or appointed an expert;

(7) The claim was without merit because the record, including the petition for appeal filed in the Supreme Court of Virginia, demonstrated that Nobrega did not assign error to this issue;

(9) The claim was barred because it was a non-jurisdictional issue that could have been raised at trial and on direct appeal and therefore was not cognizable in a petition for a writ of habeas corpus, pursuant to Slayton v. Parrigan; and

(10) The claim failed to satisfy the "prejudice" prong of the two-part standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), because Nobrega failed to articulate the legal support for the argument he alleged counsel should have made

6

on appeal, or how the argument would have been successful.

Id. The Court disposed of all of Nobrega's ineffective assistance of counsel claims on the merits, finding that they failed to satisfy either one or both prongs of the Strickland test. Id.

Nobrega filed the instant federal petition on April 21, 2008. By Order dated May 5, 2008, petitioner was directed to: (1) either pay the $5.00 filing fee required by 28 U.S.C. § 1914(a) or submit an application to proceed in forma pauperis; (2) provide clear evidence of the claims he raised on direct appeal and in his state habeas petition to the Supreme Court of Virginia; (3) inform the Court which of the claims he now raises, if any, have not been presented to the Supreme Court of Virginia; and (4) resubmit a signed petition bearing his original signature that complies with E.D. Va. Local Rule 7(F). Nobrega paid the $5.00 filing fee and submitted an amended petition bearing his original signature. Also, he submitted an Affidavit regarding which of the claims he now raises have been exhausted by raising them to the Supreme Court of Virginia.[1] In his amended petition, Nobrega raises the following claims:

(1) the trial court erred in denying Nobrega's pre-trial motion for an independent psychological or psychiatric examination of the victim and/or her psychiatric records;

(2) the trial court abused its discretion in prohibiting Nobrega's trial counsel from presenting evidence regarding the complaining witness's psychiatric history;

(3) the trial court's prohibition of counsel's efforts to introduce the victim's psychiatric history rendered counsel's performance ineffective;

(4) Nobrega's trial did not conform to acceptable standards of fundamental fairness and denied Nobrega his rights to due process, confrontation, and equal protection;

---

[1] The Court notes that despite Nobrega's affidavit and amended petition, it remained unclear at the time Nobrega's petition was served on respondent whether all of the claims he is now raising in his federal petition were properly exhausted. Respondent argues that certain claims were not exhausted, despite Nobrega's assertions to the contrary, and Nobrega has responded to those arguments in his response to the Motion to Dismiss.

(5) trial counsel was ineffective because he failed to obtain the transcripts of Nobrega's divorce proceedings;

(6) trial counsel was ineffective because he failed to enter the preliminary hearing transcript into evidence after using the transcript to impeach the victim with prior inconsistent testimony by instructing the victim to read the cited portion of the transcript to herself silently;

(7) trial counsel was ineffective because he failed to raise clearly the issue of the competency of the complaining witness at trial or in the motion to strike the Commonwealth's evidence;

(8) appellate counsel was ineffective because he improperly framed the issue on appeal as the trial court's refusal to appoint an expert to perform a psychological or psychiatric evaluation of the complaining witness, rather than as the trial court's refusal to appoint an expert to evaluate either the complaining witness or her psychiatric records;

(9) appellate counsel was ineffective because he improperly framed the issue on appeal as the trial court's refusal to appoint an expert to perform a psychological or psychiatric evaluation of the complaining witness, rather than the trial court's refusal to appoint an expert to assist the defendant in his defense;

(10) appellate counsel was ineffective because he failed to assign as error the trial court's determination to prohibit Nobrega's trial counsel from introducing evidence crucial to Nobrega's defense regarding the suggestibility and competency of the complaining witness at trial;

(11) the Virginia Court of Appeals erred in its determination that the trial court lacked the authority to appoint an independent psychiatric or psychological expert to examine the complaining witness;

(12) the Supreme Court of Virginia erred in denying Nobrega's appeal on the grounds that Nobrega was denied his constitutional right "to call forth evidence in his defense;"

(13) the Supreme Court of Virginia erred in its determination that Claim (7) of Nobrega's state habeas petition was without merit;

(14) the Supreme Court of Virginia erred in its dismissal of the second portion of Claim (8) of Nobrega's state habeas petition;

8

(15) the Supreme Court of Virginia erred in its dismissal of the third portion of Claim (8) of Nobrega's state habeas petition; and

(16) the Supreme Court of Virginia erred in its dismissal of Claim (10) of Nobrega's state habeas petition.

Nobrega's amended petition was served on respondent on June 30, 2008, and on August 13, respondent filed a response to the petition, a Motion to Dismiss, a Memorandum in Support of the Motion to Dismiss, and a <u>Roseboro</u> notice. Nobrega filed a Motion for Discovery and Inspection on August 13, and filed a Motion for Enlargement of Time to File a Response to respondent's Motion on August 26. The Court granted Nobrega's Motion for Enlargement of Time for good cause shown, and Nobrega filed his response in opposition to the Motion to Dismiss on October 6, 2008, making this case ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted.

## II. Procedural Default

The Court finds that Claims (2), (3), (9), (10), and (12) of the instant petition must be dismissed because they are procedurally barred from federal review. In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. <u>See</u> 28 U.S.C. § 2254(b); <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (I) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." <u>Baker v. Corcoran</u>, 220 F.3d 276, 288 (4th Cir. 2000) (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." <u>Id.</u> (quoting <u>Gray</u>, 518 U.S. at 162). A petitioner may nonetheless overcome a procedural default and have his claim addressed on the merits by showing either cause and prejudice for the default or that a miscarriage of justice would result from the lack of such review. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Savino v. Murray</u>, 82 F.3d 593, 602 (4th Cir. 1996).

Here, it is clear from Nobrega's amended petition and the state court records that Nobrega failed to present Claims (2), (3), (9), (10), and (12) to the Supreme Court of Virginia in either his direct appeal or his state habeas corpus petition. Although Nobrega argues in his Affidavit Regarding Exhaustion that Claims (2), (3) and (12) were raised as part of his state habeas corpus petition, and that Claim (2) also was raised in his direct appeal, a review of these documents reveals that he is mistaken. Furthermore, Nobrega admits that Claims (9) and (10) were "extensions" of claims raised in his state corpus petition, and that he did not actually raise those specific arguments

in the Supreme Court of Virginia. Nonetheless, Claims (2), (3), (9), (10), and (12) still would be treated as exhausted because petitioner now is precluded from bringing these claims in state court. Specifically, these claims would now be procedurally defaulted under Virginia Code § 8.01-654(A)(2) (state habeas petition statute of limitations) and Virginia Code § 8.01-654(B)(2) (bar on successive petitions containing allegations of fact which were known to petitioner at the time of petitioner's first filing). Therefore, Claims (2), (3), (9), (10), and (12) are both simultaneously exhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where, as here, claims are both exhausted and defaulted for the purposes of federal habeas review, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, Nobrega has failed to show cause for and prejudice stemming from the procedural default of Claims (2), (3), (9), (10) and (12). As to Claims (2), (9), and (10), Nobrega asserts that these claims were unknown to him at the time he filed his state habeas petition, and that he only became aware of these claims after the Supreme Court of Virginia dismissed the state habeas petition. Resp. in Opp. to Mot. to Dismiss 7, 27, 28. However, petitioner was in attendance at his

11

own trial, and was aware of what evidence was presented and what motions were filed by his own counsel. Thus, Nobrega has failed to show cause regarding the procedural default of Claims (2), (9), and (10).[2]

Regarding Claim (3), Nobrega argues that this claim was raised "with regards to the trial court's denial of his motion for the appointment of an independent psychiatric expert to assist defense counsel" in the presentation of evidence needed to determine the victim's competency. Resp. in Opp. to Mot. to Dismiss 9. In other words, Nobrega claims that the denial of his motion to appoint an expert denied him the right to present expert opinion evidence at trial regarding any part of the victim's entire psychiatric history. Resp. in Opp. to Mot. to Dismiss 9. Such an argument is insufficient to show cause and overcome the application of the procedural bar to this claim.[3]

Finally, as to Claim (12), Nobrega states only that there was a "blatant and egregious" violation of his constitutional rights, such that the Court should review his claim. Resp. in Opp. to Mot. to Dismiss 30. Nobrega states that all of his former counsel have "concluded that Nobrega is innocent," and that "this Court should show some deferance [sic] to their judement [sic] and experience." Resp. in Opp. to Mot. to Dismiss 31. Although Nobrega appears to be claiming actual innocence, he has alleged no facts in support of this claim aside from conclusory assertions that

---

[2] Nobrega also argues that Claim (9) was "before" the Supreme Court of Virginia, because Claim (9) raises the same issues of due process, fundamental fairness, and equal protection that were raised in his direct appeal and his state habeas corpus petition. Such an argument is insufficient to prove exhaustion or to show cause and prejudice to excuse his procedural default.

[3] Furthermore, to the extent that Nobrega may be challenging the trial court's denial of his motion to appoint an expert to perform an examination of the victim, this claim would be repetitive of Claim (1) of the instant petition. To the extent Nobrega is challenging the trial court's denial of his motion to appoint an expert to perform an examination of the victim's psychiatric or psychological records, this claim was determined to be procedurally barred by the Supreme Court of Virginia pursuant to Slayton. Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007).

various individuals believe he is innocent. Because Nobrega has failed to show cause and prejudice, or that a fundamental miscarriage of justice will occur in the absence of federal review, Claims (2), (3), (9), (10), and (12) of the instant petition are procedurally barred from federal review and will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

Claims (1) and (4) - The Trial Court Erred in Denying Nobrega's Pre-Trial Motion; Denial of Fundamental Fairness at Trial:

In Claim (1), Nobrega contends that the trial court erred in denying his pre-trial motion for

an independent psychological or psychiatric examination of the victim and/or her psychiatric records.

Correspondingly, in Claim (4), Nobrega alleges that his trial did not conform to acceptable standards

of fundamental fairness and denied Nobrega his rights of due process, confrontation, and equal

protection because his motion was denied.  As noted above, to the extent that Nobrega seeks to raise

Claim (1) as it relates to the victim's psychological or psychiatric records, this claim was expressly

found to be procedurally defaulted by the Supreme Court of Virginia, and is barred from federal

review.[4]  See supra Section III. Procedural Default, n.3; see also Nobrega, Rec. No. 070784 (Va.

Nov. 29, 2007).

 To the extent that petitioner challenges the trial court's denial of his motion to appoint an

independent psychological or psychiatric examination of the victim, this determination was based

solely on state law, and as such, it is not cognizable in a federal habeas petition.  See Estelle v.

McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine

state-court determinations on state-law questions."); Hayes v. York, 311 F.3d 321, 325 (4th Cir.

2002) (finding that a question regarding admission of hearsay in a North Carolina trial court was

"unreviewable in federal court as it solely concerns state law, over which this court has no

authority"); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (noting that when "a petitioner's

claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal

habeas review").

 However, in addition to challenging the state law determination made by the state court,

Nobrega also argues in Claim (1) that his rights to "due process, fair trial, confrontation and equal

---

[4] The Supreme Court of Virginia also noted in its opinion disposing of Nobrega's direct appeal that the issue of an examination of the victim's records was not being considered by the Court. Nobrega, 271 Va. at 515, 628 S.E.2d at 925.

protection of the law" were violated when his motion to appoint an independent psychological or psychiatric examination of the victim was denied by the trial court. Nobrega raises an almost identical argument in Claim (4), alleging that his trial did not conform to acceptable standards of "fundamental fairness," and that his constitutional rights were violated when his motion to appoint an independent psychological or psychiatric examination of the victim was denied. When a petitioner challenges a matter grounded in state law in a federal habeas petition, the only question for the federal court is whether the state law determination "so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 72. Nonetheless, the Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly," and "beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Id.

Citing Ake v. Oklahoma, 470 U.S. 68 (1985), Nobrega argues that his trial was fundamentally unfair because the state proceeded against him as an indigent defendant without providing him with "access to the raw materials integral to the building of an adequate defense." Id. at 77. Nobrega alleges that "the record clearly demonstrates [he] was denied assistance of an expert, regardless to the compelling need and was barred from presenting evidence . . . vital to his defense and determining the witness's competency." Am. Pet. 13.

Although the Supreme Court of Virginia did not directly address Nobrega's constitutional claim, the Court of Appeals of Virginia did, and its reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). The Court of Appeals noted that

15

the holding in <u>Ake</u> was grounded in significant part on the fact that justice is not equal if a defendant, because of his poverty, is denied the opportunity to participate meaningfully in a judicial proceeding where his liberty is at stake. <u>Nobrega</u>, No. 0511-04-1, 2005 WL 1079527, at *6. However, the Court of Appeals explained that the holding in <u>Clark</u>, that the trial court had no authority to compel the witness to undergo a physical examination, applied to all defendants, regardless of wealth, and was based instead on "the absence of a right under state law to obtain, pre-trial, from the complaining witness information that would assist the defendant at trial." <u>Id.</u>

This determination by the Court of Appeals of Virginia is neither contrary to nor an unreasonable application of <u>Estelle</u> or <u>Ake</u>. The record indicates that Nobrega was not deprived of due process, because he was given the same rights that a non-indigent defendant who filed an identical motion would have received. Any defendant, indigent or otherwise, who moved to have the state trial court compel the victim to undergo a psychological or psychiatric evaluation would have had that request denied on the authority of <u>Clark v. Commonwealth</u>. As a result, Claims (1) and (4) of the instant petition are without merit will be dismissed.

<u>Claims (5), (6), and (7) - Ineffective Assistance of Trial Counsel:</u>

In the instant federal petition, Nobrega raises three claims of ineffective assistance of trial counsel. The Court finds that all of petitioner's claims of ineffective assistance of trial counsel, Claims (5), (6), and (7), should be dismissed, because the Supreme Court of Virginia's dismissal of petitioner's claims was neither contrary to, nor an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), nor was it based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, a petitioner must show (1) that "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the

defendant." Strickland, 466 U.S. at 687.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Furthermore, even if counsel committed some error, including a "professionally unreasonable" error, the judgment may only be set aside if the error had an actual effect on the judgment. Strickland, 466 U.S. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id. at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence in the outcome").

Ultimately, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In Claim (5), Nobrega argues that trial counsel was ineffective because counsel failed to obtain the transcripts of Nobrega's divorce proceedings. Nobrega alleges that the transcripts would have contained, among other things, evidence of his ex-wife's abuse of their children, especially the victim; the judge's warning to Nobrega's ex-wife to stop her alienating behavior; testimony by Dr. Zoll that he questioned the victim about sexual abuse by her father, that she denied that any such abuse occurred, and that she was a skilled liar; and testimony that the victim was in a volatile psychiatric and emotional state just before she came forward with the claims of abuse. Am. Pet. 14. Nobrega argues that this evidence was crucial to the preparation and presentation of the motion for appointment of an independent expert, as well as for the preparation and presentation of his defense. Am. Pet. 14-15.

The Supreme Court of Virginia held that this claim satisfied neither the performance nor the prejudice prong of the Strickland test, because Nobrega "failed to provide copies of the transcript from his divorce proceedings in order to verify the testimony he attributes to the doctors and the statements he attributes to the judge." Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007). Such a determination is not contrary to nor an unreasonable application of Strickland. Without proof of the content of the transcript, Nobrega's allegations alone were insufficient to prove that counsel's performance was deficient, or that but for this alleged error by counsel there is a reasonable probability that the outcome of the proceeding would have been different. Thus, Claim (5) of the instant petition will be dismissed.[5]

---

[5] The Court notes that although Nobrega seeks to have this Court order the Commonwealth to produce the divorce transcripts in order to resolve his ineffective assistance of counsel claim, it is not within the province of this Court to review evidence or information that was not before the Supreme Court of Virginia. As noted above, when a federal court reviews a § 2254 habeas petition, the Court limits its inquiry to whether the state court's determinations "are contrary to, or an

In Claim (6), Nobrega alleges that trial counsel was ineffective because counsel failed to enter the transcript from Nobrega's preliminary hearing into evidence after using that transcript to impeach the victim as to her prior inconsistent testimony. Am. Pet. 16. According to Nobrega, counsel sought to impeach the victim at trial by questioning her about inconsistencies between her trial testimony and her testimony at Nobrega's preliminary hearing. Am. Pet. 16. Rather than have the victim read her testimony from the preliminary hearing out loud, counsel had her read the preliminary hearing transcript to herself and then questioned her on the discrepancies between that testimony and her trial testimony. Am. Pet. 16. During his closing statement, counsel attempted to review the impeachment evidence provided by the preliminary hearing transcript, but the trial court refused to consider any portion that had not been read aloud by the victim. Am. Pet. 16. Nobrega claims that because no portion was read aloud, the evidence "was ignored by the court during its deliberations" of Nobrega's guilt, and since the impeachment evidence was "vital" to Nobrega's defense, counsel's failure to introduce such evidence was ineffective. Am. Pet. 17.

The Supreme Court of Virginia dismissed Nobrega's claim, finding that it satisfied neither the performance nor the prejudice prong of Strickland. Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007). As the Court noted, Nobrega failed to provide the preliminary hearing transcript or even to state what portions of the transcript the trial court did not consider. This failure proves fatal to Nobrega's claim, as his conclusory assertions that the information was "vital" to Nobrega's defense and that the Commonwealth would not have been able to meet its burden of proof if the evidence

unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Based on the evidence before the Supreme Court of Virginia, or the lack thereof in the case of the transcripts from Nobrega's divorce proceedings, the dismissal of Nobrega's claim was not contrary to nor an unreasonable application of Strickland, and that is sufficient to terminate this Court's review of Claim (5).

had been admitted to impeach the victim's credibility are insufficient to establish that he suffered prejudice and thus to support his claim of ineffective assistance. Additionally, the record, including the trial transcript, demonstrates that counsel had the victim read portions of the transcript to herself, questioned the victim on discrepancies between her testimony at the hearing and her testimony at trial, and then brought these discrepancies to the court's attention during closing arguments. Trial Tr. 69:21-71:24; 74:-82:1; 204:14-205:2. Although Nobrega may have preferred for counsel to discuss the discrepancies in testimony with more specificity, counsel still argued the fact that the testimony was inconsistent as highlighted in his cross-examination of the victim, and despite that, the trial court found the victim's testimony credible. Trial Tr. 212:13-23. Nobrega does not indicate what additional benefit having the transcript entered into evidence would have had on his trial, so he is unable to claim any prejudice resulting from counsel's failure to do so. Because the Supreme Court of Virginia's dismissal of Nobrega's claim is neither contrary to nor an unreasonable application of Strickland, Claim (6) will be dismissed.

In Claim (7), Nobrega argues that trial counsel was ineffective because counsel failed to raise clearly the issue of the competency of the complaining witness at trial or in the motion to strike the Commonwealth's evidence. Am. Compl. 17. Nobrega claims that his entire case hinged on the victim's competency to testify, and that if the court had determined that she was unreliable and incompetent, the case against Nobrega would have failed. Am. Compl. 18. However, Nobrega also states that counsel "did point to the [victim's] 'long-standing history of mental health issues, including visual and auditory hallucination, and her motive to lie.'" Am. Compl. 18.

The Supreme Court of Virginia held that Nobrega's claim failed to satisfy the prejudice prong of the Strickland test. According to the Court, the trial court had the discretion to determine the

20

victim's competency, and the record, including the trial transcript, demonstrated that the issue of competency was resolved by the trial court when it permitted the victim to testify at Nobrega's trial. Furthermore, Nobrega failed to articulate the existence of evidence in the record that demonstrated the victim did not have "'the capacity to observe, recollect, communicate events, and intelligently frame answers to the questions asked of her with a consciousness of a duty to speak the truth'." Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007) (quoting Mackall v. Commonwealth, 236 Va. 240, 253, 372 S.E.2d 759, 767 (1988)).

The dismissal of this claim by the Supreme Court of Virginia was neither contrary to nor an unreasonable application of Strickland. As noted by the Supreme Court of Virginia, when the trial court allowed the victim to testify, it necessarily had decided already that she was competent to do so. Under Virginia law, a child is competent to testify if the child "possesses the capacity to observe, recollect, communicate events, and intelligently frame answers" to the questions asked with an awareness of the obligation to be truthful. Mackall, 236 Va. at 253, 372 S.E.2d at 767. Nobrega alleges no facts in his petition to support that the victim was unable to do those things, such that counsel could have made an argument in the motion to strike, after the victim had already testified, to challenge her competency. In fact, while Nobrega alleges that the victim had a "motive to lie," such a claim relates to the victim's credibility, rather than her competency, which counsel did address in the motion to strike. Trial Tr. 188-190. Thus, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim 8 - Ineffective Assistance of Appellate Counsel:

In Claim (8), Nobrega alleges that appellate counsel was ineffective because he improperly

21

framed the issue on appeal as the trial court's refusal to appoint an expert to perform a psychological or psychiatric evaluation of the complaining witness, rather than as the trial court's refusal to appoint an expert to evaluate either the complaining witness or her psychiatric records. Am. Pet. 19-20. Nobrega asserts that "had appellate counsel assigned error directly to the trial court's refusal to allow expert review of the [victim's] psychiatric records and allowing expert testimony as to the hypothetical affects [sic] of such disorders upon the [victim], the Appeals Court would necessarily have had to grant a new trial in which Nobrega was able to present a complete defense, unhindered by the trial court's erroneous and unlawful rulings." Am. Pet. 20-21.

When a petitioner challenges the effectiveness of appellate counsel, the Strickland test applies. See Burger v. Kemp, 483 U.S. 776, 781 (1987). In the context of appellate counsel, effective assistance "does not require the presentation of all issues on appeal that may have merit," and the court must "accord counsel the presumption that he decided which issues were most likely to afford relief on appeal."[6] Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Additionally, with regard to the prejudice prong, failure to raise an issue on appeal is ineffective only if that failure "fell below an objective standard of reasonableness and, but for that failure, [petitioner] would have prevailed in his appeal." Lawrence, 517 F.3d at 709.

Here, the Supreme Court of Virginia held that Nobrega's claim of ineffective appellate assistance failed to satisfy the prejudice prong of Strickland, because Nobrega failed to articulate legal support for the allegedly omitted argument or how the argument would have been successful.

---

[6] The United States Supreme Court has noted the deference given to appellate counsel, holding that appellate counsel is not required to raise every nonfrivolous claim on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Court also has held that "[n]otwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007). This determination was neither contrary to nor an unreasonable application of Strickland. Although Nobrega's counsel filed a motion requesting the appointment of an expert to examine the victim and her psychological and psychiatric records, when the motion was argued before the court, Nobrega's counsel only requested appointment of the expert for an examination of the witness and not for examination of the victim's records. Mot. Tr. 3:9-13, 4:16-24, 5:2-7, Apr. 28, 2003. The court denied that request, and counsel took exception to the court's ruling. Mot. Tr. 7:7-9. Even assuming that counsel erred in failing to raise the issue of the victim's psychiatric records on appeal, there has been no showing of prejudice. Nobrega does no more than make conclusory allegations that had appellate counsel assigned error directly to the trial court's refusal to allow expert review of the victim's psychiatric records, the appeals court "necessarily" would have had to grant a new trial for Nobrega. There is simply no evidence in the record that if counsel had argued this issue that Nobrega would have prevailed in his appeal. Thus, the dismissal of this claim by the Supreme Court of Virginia was neither contrary to nor an unreasonable application of Strickland, and this claim will be dismissed.

Claims (11), (13)-(16) - Errors of the State Courts of Appeal:

In Claims (11) and (13)-(16), Nobrega challenges various determinations made by the Court of Appeals and the Supreme Court of Virginia. To the extent that Nobrega simply alleges errors made by the Court of Appeals and the Supreme Court of Virginia, such claims are not cognizable in a federal habeas petition, and will be dismissed.

In Claim (11), Nobrega argues that the Virginia Court of Appeals erred in its determination that the trial court lacked the authority to appoint an independent psychiatric or psychological expert to examine the complaining witness. Am. Pet. 24. As discussed previously, a petition filed pursuant

to § 2254 permits a federal court to consider only claims that the petitioner is "in custody in violation

of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254. As with Claim (1),

the Court of Appeals determination Nobrega challenges in Claim (11) was based on state law, and

as such, it is not cognizable in a federal habeas petition. See Estelle, 502 U.S. at 67-68; Hayes, 311

F.3d at 325; Weeks v. Angelone, 176 F.3d at 262. Section 2254 does not give a federal court the

authority to serve as an additional appellate court to review a state court's determination of its own

law. See, e.g., Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987).

Similarly, Claims (13)-(16), all of which allege that the Supreme Court of Virginia erred in

dismissing various claims in Nobrega's state habeas petition, also are not cognizable in a federal

habeas petition. As the Fourth Circuit explained in Lawrence, "a state prisoner has no federal

constitutional right to post-conviction proceedings in state court." 517 F.3d at 717. Therefore even

if there is some error in the state post-conviction proceedings, "a petitioner is not entitled to federal

habeas relief because the assignment of error relating to those post-conviction proceedings represents

an attack on a proceeding collateral to detention and not to the detention itself." Id. Thus, even if

the Supreme Court of Virginia did err in dismissing certain of his collateral claims, as Nobrega

alleges, that fact could not serve as a predicate for federal habeas corpus relief.

Furthermore, if Nobrega's claims (13)-(16) were liberally construed to incorporate the

substance of the underlying substantive claims, they still would fail. In Claim (13), Nobrega argues

that the Supreme Court of Virginia erred in rejecting Claim (7) of his state habeas petition. Am. Pet.

28. In Claim (7) of his state habeas petition, Nobrega alleged that the Supreme Court of Virginia

erred in not considering whether the trial court should have appointed an independent expert to

review the victim's psychiatric records. As that claim essentially seeks to challenge a decision of

24

the state court on matters of state law, rather than constitutional law, and federal adjudication of that claim would place the Court in a position of serving as an additional appellate court, the underlying state claim would also fail.

In Claim (14), Nobrega argues that the Supreme Court of Virginia erred in dismissing the second portion of Claim (8) of Nobrega's state habeas petition. Am. Pet. 29. There, Nobrega alleged that he was denied the effective assistance of counsel because counsel failed to present medical evidence crucial to petitioner's defense. Specifically, Nobrega attached a report from a medical examination of the victim which took place, according to Nobrega, a few days after the second rape occurred, which allegedly would have shown no physical or emotional trauma and that the victim had a good relationship with Nobrega.

The Supreme Court of Virginia held that this claim failed to satisfy both the "performance" and "prejudice" prongs of Strickland. Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007). The Court noted that the record demonstrates that despite Nobrega's assertions regarding the specificity of the victim's testimony about the date of the second rape, she actually testified that she was not sure when the rape occurred, and that she only knew it took place when she was "eight, going on nine." Trial Tr. 35:22-23; 68:5-7. In addition, the report did not support Nobrega's assertions about the inferences that could be drawn from its contents. The report was completed by the Tidewater Child Development Clinic because the victim's mother was concerned about the victim's learning difficulties, and it stated only that the victim's genitalia were "normal," that her relationship with her father as described by the victim's mother as "very good," and that she was physically well-developed and well-nourished. Am. Pet. Ex. J. There was no indication what kind of examination was done, either in the report or in Nobrega's petition. Since the report was not relevant or material

25

to the issue of Nobrega's guilt, he suffered no prejudice when it was not presented and the Supreme Court of Virginia's dismissal of Claim (8) of Nobrega's state habeas petition was not contrary to nor an unreasonable application of Strickland.

In Claim (15), Nobrega argues that the Supreme Court of Virginia erred in its dismissal of the third portion of Claim (8) of his state habeas petition. Am. Pet. 33. There, Nobrega alleged that he was denied the effective assistance of counsel because counsel failed to present additional medical records at trial that would have clarified the victim's physical, mental, and emotional state throughout the period the alleged incidents took place, and would have contradicted the testimony that the rapes caused the victim's PTSD. The Supreme Court of Virginia held that Nobrega's claim satisfied neither the "performance" nor the "prejudice" prong of Strickland. Nobrega, Rec. No. 070784 (Va. Nov. 29, 2007). As Nobrega has failed to show that determination was factually unreasonable or nor in accord with controlling federal principles, he is entitled to no federal review.

Finally, in Claim (16), Nobrega argues that the Supreme Court of Virginia erred in its dismissal of Claim (10) of Nobrega's state habeas petition. Am. Pet. 34. There, Nobrega alleged that he was denied effective assistance of appellate counsel because counsel incorrectly framed one of the issues on appeal as the trial court's failure to appoint an expert to perform a psychiatric or psychological evaluation of the victim, when counsel should have stated that the trial court erred in not appointing an expert to review the victim or her psychiatric and psychological records, which is what the trial motion requested. This claim is identical to claim (8) of the instant petition, therefore, the Court need not address this issue again, and Claim (16) will be dismissed pursuant to the discussion above.

Motion for Discovery and Inspection:

As previously noted, Nobrega filed a Motion for Discovery and Inspection, specifically requesting that this Court order the Commonwealth or the respondent to produce transcripts from Nobrega's divorce proceedings and his "file on parent alienation." Although Nobrega claims the documents are necessary to resolve his ineffective assistance of counsel claim, as explained above, this is incorrect. As the Court has resolved Nobrega's claim, there is no need for these documents, and Nobrega's Motion will be denied.

## V. Conclusion

For the reasons stated above, respondent's Motion to Dismiss will be granted, and this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this _____ day of _____ 2009.

Alexandria, Virginia

_____
/s/
Liam O'Grady
United States District Judge

27